RECEIVED
USDC CLERK, CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2007 OCT 18 P 3: 39

Terry Jerome Peterson, ) C/A No. 9:07-3354-RBH-GCK
)
    Plaintiff, )
)
vs. ) Report and Recommendation
)
Kelly Jackson, Solicitor, )
)
    Defendant. )
)



This is a civil action filed *pro se* by a detainee at a local detention center.[1] Plaintiff has been detained at the Sumter-Lee County Detention Center since September 2005, pending trial on serious criminal charges. He claims that his federal constitutional rights are being violated by the delay in his being brought to trial on the charges, and he sues the County Solicitor seeking release from incarceration and dropped charges, and also seeking damages for alleged "unjust incarceration." Complaint 3.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

To the extent that Plaintiff requests injunctive relief from this Court, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger*, 401 U.S. at 44; *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n.8 (1873)[2] ; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

---

[2]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas.").

2

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same). As indicated in the cases cited above, Plaintiff is not foreclosed from raising what appears to be primarily a "speedy trial" objection and having it ruled on in his on-going state criminal prosecution by the state court judge. This Court cannot remove the authority to rule on such an objection from the judge who is actually in control on Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff seeks: release from incarceration and confinement, this Court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger, Cinema Blue,* and *Bonner*.

Moreover, to the extent the it seeks damages for alleged "unjust incarceration" from the Sumter County Solicitor, Plaintiff's Complaint is barred by the well-established legal doctrine of

3

prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Absolute immunity does not extend to a prosecutor's administrative or investigative activities. *See Imbler v. Pachtman*, 424 U.S. 409, 431 n. 33 (1976). When performing administrative or investigative activities, prosecutors acting in good faith are entitled to qualified immunity only to the extent that the conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Buckley v. Fitzsimmons*, 509 U.S. at 268 (quoting from *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Additionally, the stage of the litigation at which the prosecutor's conduct occurs is often important to the determine of whether the activity is determined to be prosecutorial or investigative in nature. *Compare Yarris v. County of Delaware*, 465 F.3d 129, 139 (3d Cir. 2006)(actions taken after indictment: prosecutorial in nature)*with Wrench Transp. Sys. v. Bradley*, 2006 WL 3749594 (3d Cir. Dec. 21, 2006)(actions taken against defendant prior to arrest or indictment: investigatory in nature).

Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about

4

"whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims about the length of time it is taking for him to get to trial, which he appears to attribute to the failure of Defendant Jackson to demand a trial date, go directly to Jackson's clearly prosecutorial decisions about when to prosecute and whether to even go forward with a prosecution. As stated above, such decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*. Plaintiff is not entitled to recover any damages from Defendant based on her performance of these functions in his state criminal case, and the Complaint should be summarily dismissed insofar as it seeks such damages.

## Recommendation

Accordingly, since Plaintiff's Complaint fails to state any viable claim on which relief may be granted, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

George C. Kosko
United States Magistrate Judge

October 18, 2007
Charleston, South Carolina

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).