UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Terry Jerome Peterson, | ) | C/A No. 9:07-3354-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Kelly Jackson, Solicitor, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, a state pre-trial detainee proceeding *pro se*, seeks "immediate release from custody, charges dropped, and arrest record cleared of CSC arrest." He also requests an award of damages. Petitioner filed his complaint on October 12, 2007. He is being housed at the Sumter Lee Regional Detention Center pending trial on charges of kidnaping and criminal sexual conduct. Petitioner asserts that he has been held too long before being tried and that his constitutional rights have been violated.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate George C. Kosko filed October 18, 2007. Based on his review of the record, the Magistrate Judge concluded that the case be dismissed *without prejudice* on the basis that Federal Courts are not authorized to interfere with a State's ongoing proceedings without a showing of extraordinary circumstances under the doctrine enunciated by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). He also recommended that insofar as the plaintiff requests damages the case should be dismissed on the basis of the Solicitor's absolute prosecutorial immunity for decisions relating to whether and when to prosecute. *See Lyles v. Sparks*, 79 F.3d 372, 376 (4th Cir. 1996).

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

Plaintiff filed "objections" on November 5, 2007. He contends that he is not able to perform legal research due to his tenth grade education, the lack of a law library, and his lack of legal knowledge. He requests the Court to appoint him an attorney for the instant case. Plaintiff also states that his last hearing in state court occurred sixteen months ago and that this constitutes an extraordinary

2

circumstance.

The Court finds that these filings by the petitioner do not constitute proper objections to the Report and Recommendation. His documents fail to adequately direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1]

To the extent this document is viewed as objections to the Report and Recommendation, the Court overrules those objections. Federal courts "may not enjoin a pending state criminal prosecution, absent a clear showing that 'defense of the . . . prosecution will not assure adequate vindication of constitutional rights.'" *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989).[2] The Fourth Circuit "has repeatedly affirmed that a prosecutor is entitled to absolute immunity for claims that rest on her decisions regarding 'whether and when to prosecute.'" *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997). In prisoner civil rights cases, counsel is only appointed in "exceptional circumstances" such as where a case is unusually complex and the pro se litigant is unable to present his "colorable" case. *Whisenant v. Yuan*, 739 F.2d 160, 163 (4th Cir. 1984). Since the Court has found

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

[2] As noted by the Magistrate Judge, the plaintiff can raise his "speedy trial" objection in the state court.

3

the plaintiff does not have a colorable claim to present in this Court, the motion to appoint counsel is denied.

After carefully reviewing the Report, documents filed by the plaintiff, pleadings, and applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules all objections. Therefore, the complaint is **DISMISSED** *without prejudice* and without issuance or service of process.

**IT IS SO ORDERED.**

November 8, 2007                          s/R. Bryan Harwell
                                         R. Bryan Harwell
                                         United States District Judge

4